NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SALINE ASSOCIATES NO. 1 LIMITED PARTNERSHIP, ST. CLAIR WEST LIMITED PARTNERSHIP, STOCKBRIDGE ASSOCIATES LIMITED PARTNERSHIP,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-1688

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00908-EGB, Senior Judge Eric G. Bruggink.

---

**O R D E R**

---

Before NEWMAN, LOURIE, and STOLL, *Circuit Judges.*

Opinion concurring in the denial of the petition for panel rehearing filed by *Circuit Judge* Stoll.

PER CURIAM.

Saline Associates No. 1 Limited Partnership, St. Clair West Limited Partnership, and Stockbridge Associates Limited Partnership filed a petition for panel rehearing.

The United States separately moved for the court to reissue its opinion as precedential.

Upon consideration thereof,

IT IS ORDERED THAT:

(1)  The petition for panel rehearing is denied; concurring opinion filed by *Circuit Judge* Stoll.

(2)  The motion to reissue as precedential is denied.

(3)  The mandate of the court will issue on September 10, 2019.


                                        FOR THE COURT

 September 3, 2019                 /s/ Peter R. Marksteiner
        Date                       Peter R. Marksteiner
                                   Clerk of Court

# United States Court of Appeals for the Federal Circuit

_____

**SALINE ASSOCIATES NO. 1 LIMITED PARTNERSHIP, ST. CLAIR WEST LIMITED PARTNERSHIP, STOCKBRIDGE ASSOCIATES LIMITED PARTNERSHIP,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2017-1688

_____

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00908-EGB, Senior Judge Eric G. Bruggink.

_____

STOLL, *Circuit Judge*, concurring in the denial of the petition for panel rehearing.

I concur in the denial of the petition for panel rehearing. This case asked us to decide whether Saline ever converted the government's anticipatory repudiation to a breach under *Franconia Associates v. United States*, 536 U.S. 129 (2002) and, if so, whether its suit was timely. The facts of the case drive the resolution of this question. More than six years prior to filing suit, Saline entered a legally binding contract to sell its property to Union Street.

In doing so, Saline effected a material change in position in reliance on the government's actions—Saline states that the sales price accounted for the prepayment restrictions imposed by the Emergency Low Income Housing Preservation Act of 1987 (codified at 42 U.S.C. § 1472(c)), and it was at the time of contracting that it realized the economic impact of the government's repudiation. Accordingly, regardless of whether *Franconia* leaves open the possibility of converting the government's anticipatory repudiation to breach by making a material change in position, and regardless of the exact contours of Michigan state law, the opinion correctly rules that any material change occurred more than six years prior to Saline's suit.

That dooms both Saline's contract claim and its takings claim, which Saline concedes accrued, if at all, at the same time. *See* Appellant's Br. 41. The Court of Federal Claims thus correctly ruled that Saline's claims are barred by the Tucker Act's six-year statute of limitations.